UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUNIOR IVAN HERNANDEZ TORREZ, | Case No. 5:26-cv-03387-SSC |
| Petitioner, | |
| v. | MEMORANDUM AND ORDER |
| WARDEN OF ADELANTO DESERT VIEW ANNEX DETENTION CENTER, et al., | |
| Respondents. | |

On May 18, 2026, Petitioner Junior Ivan Hernandez Torrez, through counsel, filed a verified petition for writ of habeas corpus by a person in federal custody pursuant to 28 U.S.C. § 2241.  (ECF 1.) Petitioner is a noncitizen[1] who is in immigration detention at the Desert View Facility in Adelanto, California.  (*Id.* at 2.)

---

[1] Petitioner is a citizen of Nicaragua.  (ECF 1 at 6.)

Under the Immigration and Nationality Act (INA), the term "alien" means "any person not a citizen or national of the United States."  8 U.S.C. § 1101(a)(3).  Following the lead of the U.S. Supreme Court and the Ninth Circuit, the Court uses the term "noncitizen" in place of "alien."  *See Patel v. Garland*, 596 U.S. 328 (2022) (Barrett, J.); *United States v. Palomar-Santiago*, 593 U.S. 321 (2021) (Sotomayor, J.); *Barton v. Barr*, 590 U.S. 222, 226 n.2 (2020) (Kavanaugh, J.) ("This opinion uses the term 'noncitizen' as equivalent to the statutory term

The petition alleges the following facts. Petitioner entered the United States in 2022. (*Id.*) He was thereafter briefly detained before being released on his own recognizance. (*Id.*) He applied for asylum in 2023. (*Id.*) Petitioner was re-detained on April 28, 2026. (*Id.*) He claims he has no criminal history. (*Id.*)

The petition raises five claims: (1) violation of substantive due process under the Fifth Amendment; (2) violation of procedural due process under the Fifth Amendment; (3) violation of the Fourth Amendment; (4); violation of 8 U.S.C. § 1226(a); and (5) violation of the Administrative Procedure Act. (*Id.* at 19–24.) Petitioner seeks release, among other relief, including costs and attorney's fees under the Equal Access to Justice Act.[2] (*Id.* at 25.)

In their answer, Respondents do not address the petition's claims, and instead state that Petitioner appears to be a *Maldonado Bautista* class member. (ECF 7 at 2.) That bond-eligible class is defined as: "All noncitizens in the United States without lawful status who (1) have entered or will enter the United States without inspection; (2) were not or will not be apprehended upon arrival; and (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the Department of Homeland Security makes an initial custody determination." *Maldonado Bautista v. Santacruz*, 813 F. Supp. 3d 1084, 1095 (C.D. Cal. 2025). Respondents contend that "[t]o the extent Petitioner would be entitled to any remedy, at most it would be ordering a bond hearing to be held before an Immigration Judge

'alien.'" (citing 8 U.S.C. § 1101(a)(3))); *Avilez v. Garland*, 69 F.4th 525 (9th Cir. 2023); *Arce v. United States*, 899 F.3d 796 (9th Cir. 2018).

[2] To recover prevailing-party fees under the EAJA, counsel must file a separate motion for such fees within thirty days of final judgment in the action. *See* 28 U.S.C. § 2412(d); *Perez-Arellano v. Smith*, 279 F.3d 791, 793 (9th Cir. 2002).

under Section 1226(a)" and that "[t]o the extent a bond hearing is ordered here, it should be consistent with what Courts in this District have generally ordered in similar cases, which is to require an 8 U.S.C. § 1226(a) hearing to be provided in seven days." (ECF 7 at 2.)

Petitioner filed a reply. (ECF 8.) Petitioner contends that he was entitled to a pre-deprivation hearing before being re-detained because of his prior release. (*Id.* at 2–3.) Petitioner seeks release and argues that a bond hearing would not be a proper remedy for the lack of pre-detention hearing. (*Id.* at 3.)

The Court finds the matter suitable for disposition without oral argument. Fed. R. Civ. P. 78(b); L.R. 7-15.

## II

Relief in the form of a writ of habeas corpus may be granted to a person in custody under the authority of the United States if the petitioner can show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(1), (3). The writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004).

## III

Petitioner argues that his re-detention without notice or a pre-deprivation hearing violated the Fifth Amendment. (ECF 1 at 20–22.) Because Respondents identify Petitioner as a *Maldonado Bautista* class member (ECF 7 at 2), the Court construes the § 2241 petition as unopposed as to providing Petitioner with the relief afforded to class members which is a bond hearing under the conditions described further below. In that posture, there is no need for the Court to decide anew or revisit whether Petitioner is entitled to a bond hearing on

grounds or terms other than those stated and provided in *Maldonado Bautista* cases.  *See, e.g., Aguilar v. Janecka*, No. 5:26-cv-00602-SSS-BFM, 2026 WL 579157, at *1 (C.D. Cal. Mar 2., 2026) (granting petition and ordering § 1226(a) bond hearing where "Respondents concede[d] that Petitioner is . . . entitled to a bond hearing under the reasoning of *Maldonado Bautista*").

Moreover, consistent with the form of relief that other detainees have been receiving under *Maldonado Bautista* when enforcing the judgment of that case through individual habeas petitions, the government should bear the burden at a discretionary detention hearing before an immigration judge to prove by clear and convincing evidence whether Petitioner poses a flight risk or danger to the public. *See, e.g., Munoz v. Johnson*, No. 2:26-cv-02171-SSS-MAA, 2026 WL 905513, at *1 (C.D. Cal. Apr. 1, 2026); *Benites v. Janecka*, No. 5:26-cv-00222-SSS-BFM, 2026 WL 579160, at *1 n.1 (C.D. Cal. Mar. 2, 2026); *Martinez v. Rios*, No. 5:26-cv-00679-SSS-BFM, 2026 WL 576010, at *1 n.1 (C.D. Cal. Mar. 2, 2026).  There is no cause—and Respondents offer none—to give Petitioner a lesser or different form of relief than that being given to other detainees that Respondents have similarly conceded are subject to the *Maldonado Bautista* judgment.

Although Petitioner seeks release, the facts and nature of the violation here militate in favor of a conditional order of release in the form of a bond hearing before an immigration judge.  Given that "habeas corpus is, at its core, an equitable remedy," *Schlup v. Delo*, 513 U.S. 298, 319 (1995), courts have "broad discretion in conditioning a judgment granting habeas relief," *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).  While the traditional remedy provided by the writ is immediate release, modern courts generally "employ a conditional order

4

of release in appropriate circumstances." *Harvest v. Castro*, 531 F.3d 737, 741–42 (9th Cir. 2008) (collecting cases).  Further, prompt, post-deprivation process can cure certain pre-deprivation due process deficiencies.  *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1208 (9th Cir. 2022) (reasoning that under *Mathews v. Eldridge*, 424 U.S. 319 (1976), courts must "consider the process [petitioner] received [while detained]" and "the further process that was available to him"); *Aguilar v. Semaia*, No. 5:26-cv-00023-MCS-SSC, 2026 WL 166906, at *4–5 (C.D. Cal. Jan. 16, 2026) (denying request for immediate release from immigration detention in light of post-detention process provided, including a bond hearing).

Accordingly, the Court exercises its discretion to issue a conditional order of release requiring a bond hearing as described below.  A neutral immigration judge can determine, on a more developed record, whether Respondents had the authority to re-detain Petitioner and whether Petitioner is entitled to bond.  If Petitioner is denied bond, he will be able to appeal that denial to the Board of Immigration Appeals.

**ORDER**

**IT IS ORDERED** that Judgment shall be entered (1) granting the petition; and (2) enjoining Respondents from continuing to detain Petitioner unless no later than **July 7, 2026**, he is provided with an individualized bond hearing under 8 U.S.C. § 1226(a) at which the government must bear the burden of showing by clear and convincing evidence that Petitioner poses a flight risk or danger to the public, and the immigration judge must exercise discretion to make an

individualized determination whether Petitioner should be detained pending removal proceedings.

DATED: June 29, 2026

_____
HONORABLE STEPHANIE S. CHRISTENSEN
UNITED STATES MAGISTRATE JUDGE